IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Case No. 22-cr-00149-JEB |
| | : | |
| ATHANASIOS ZOYGANELES, | : | |
|     Defendant. | : | |

**DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA
AND MEMORANDUM IN SUPPORT THEREOF**

Defendant, Athanasios Zoyganeles by and through counsel moves this court to permit him to withdraw his Plea and hereby submits this Memorandum in Support of the Motion. On July 1, 2022, the defendant entered a guilty plea to plead guilty to Count Four of an Information Parading, Demonstrating or Picketing in a Capital Building in violation of 40 US Code Sec. 5104 (e)(2)(G). On August 2, 2022, Defendant instructed counsel to file a motion withdraw his plea in light of potentially newly discovered evidence.[1]

Fed. R. Crim. Proc. 11(d) provides in relevant part, that a defendant may withdraw a plea of guilty after the court has accepted the plea but before a sentence has been imposed if the defendant can show any fair and just reason for requesting the withdrawal. The decision to grant a withdrawal is within the court's discretion. *United States v. Tolson*, 372 F.Supp.2d 1, 8 (D.D.C. 2005). Withdrawal of a guilty plea before sentencing is liberally granted. *United States*

---

[1] Undersigned counsel advised Mr. Zoyganeles of the risks of filing the instant motion. Particularly that if the Motion is granted the defendant could risk conviction on all four counts of the Information and likely face a substantially "harsher" sentence. Similarly, based on filing the instant motion seeking to withdraw the plea he may risk losing any sentencing consideration based on "acceptance of responsibility," even though this is a non-guidelines case. Nevertheless, he has unequivocally made clear that, notwithstanding the attendant risks, defendant wishes to move to withdraw his plea and proceed to a resolution on the merits.

v. *Ford*, 993 F.2d 249, 251 (D.C. Cir. 1993). When determining whether or not to grant a motion to withdraw a plea, the courts typically look at three different factors: (1) any possibility the guilty plea was somehow tainted, (2) whether the delay between the guilty plea and the subsequent motion to withdraw the plea has a substantially prejudicial affect on the government's ability to prosecute the case, and (3) whether or not the defendant has asserted any cognizable defense. *See United States v. Sibblies*, 562 F.Supp.2d 1, 3 (D.D.C. 2008); *United States v. Thomas*, 541 F.Supp.2d 18, 23 (D.D.C. 2008); *United States v. Hanson*, 339 F.3d 983, 988 (D.C. Cir. 2003); *United States v. Ford*, 993 F.2d 249, 251 (D.C. Cir 1993).

Application to the Case at Bar

"A plea of guilty is constitutionally valid if and only if it represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *U.S. v. Thomas*, 541 F.Supp.2d at 23, quoting *United States v. McCoy*, 215 F.3d 102, 107 (D.C. Cir. 2000) (internal quotations omitted). Rule 11 outlines the procedural requirements to be certain that the plea is entered knowingly, voluntarily, and intelligently. Fed. R. Crim. P. 11. Here, there are no relevant concerns with the Rule 11 inquiry conducted by the Court. Instead, issues exist pertaining to newly discovered evidence that could have impacted the merits of a motion to suppress evidence. Since the beginning of this case, Mr. Zoyganeles has had concerns about the process by which he was charged in each count of the Information and the propriety of the case brought by the government against him. Therefore, Mr. Zoyganeles was not capable of making a knowing and voluntarily decision to enter into the plea and only did so because he saw no other path forward due to his inability to fully understand the process by which he was charged in each count of the Information and the propriety of the case brought by the government against him. Consequently his plea is "tainted."

As to the second factor, there has been no substantial prejudice on the Government's ability to prosecute the case. There are two common forms of prejudice that the Government could encounter: (1) reassembling far-flung witnesses and (2) removal of one defendant from a trial of multiple co-defendants to his advantage. *See, United States v. Barker*, 514 F.2d 208, 222 (D.C. Cir. 1975). Neither type of prejudice is present in this case. There are no far-flung witnesses. It is anticipated that the prosecution will be relying almost exclusively on loacl law enforcement officers who are still easily available and cooperative with the prosecutors. Additionally, other witnesses are likely Department of Forensic Sciences (DFS) employees who, although they are not part of local law enforcement agencies, are equally accessible and cooperative. There are no known civilian witnesses. Consequently there is no prejudice to government by allowing Mr. Zoyganeles to withdraw his guilty plea

The time between the entering of the plea and Defendant's expression of a desire to file the instant motion is a short period of time. Mr. Zoyganeles entered the plea on July 1, 2022. (A sentencing hearing is scheduled for September 30, 2020 at 2:00 p.m.) Shortly thereafter, he then made clear to undersigned counsel his desire to explore withdrawal of the plea. There is no appreciable prejudice to the prosecution's ability to prosecute this case. This factor should weigh in favor of granting this motion to withdraw the plea.

The third factor is to determine if the defendant has asserted any cognizable defense. Mr. Zoganeles asserts he has newly discovered evidence which will exonerate him from all Four Counts of the Information.

When weighing all three factors in making the determination *sub judice*, it is evident that there are "fair and just" reasons to grant this motion to withdraw the guilty plea. The plea was

tainted by his concerns about the process by which he was charged in each count of the Information and the propriety of the case brought by the government against him. Mr. Zoyganeles was not capable of making a knowing and voluntarily decision to enter into the plea and only did so because he saw no other path forward due to his inability to fully understand the process by which he was charged in each count of the Information and the propriety of the case brought by the government against him.  He has a cognizable defense to explore and present – newly discovered evidence.  Finally, the government's ability to prosecute the case has been unaffected, or at most minimally prejudiced, by the delay between entering the plea and the filing of this motion.  The court has the discretion to grant pre-sentencing withdrawal motions, and should do so liberally.  In this case, the court's discretion would be fairly and justly utilized in granting Mr. Zoyganeles' motion.

WHEREFORE, for the foregoing reasons and such other reasons that may appear just and proper, defendant Athanasios Zoyganeles hereby respectfully requests the entry of an Order permitting him to withdraw his guilty plea.

Respectfully Submitted,

_____
Allen H. Orenberg, # 395519
The Orenberg Law Firm, P.C.
12505 Park Potomac Avenue, 6th Floor
Potomac, Maryland 20854
Tel. No. 301-984-8005
Cell Phone No. 301-807-3847
Fax No. 301-984-8008
aorenberg@orenberglaw.com

Dated: August 3, 2022