**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Case No.: 22-CR-149 (JEB)** |
| **v.** | : | |
| **ATHANASIOS ZOYGANELES,** | : | |
| **Defendant.** | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S**
**MOTION TO WITHDRAW GUILTY PLEA**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in opposition to defendant Athanasios Zoyganeles's motion to withdraw his guilty plea to Count Four of the Information, Parading, Demonstrating, or Picketing in a Capitol Building in violation of 40 U.S.C. § 5104(e)(2)(G). ECF No. 23. Zoyganeles has no valid challenge to the plea colloquy, nor has he offered any plausible claim of actual innocence. Zoyganeles's motion should be denied.

## I. RELEVANT PROCEDURAL HISTORY

On April 29, 2022, Zoyganeles was charged by Information with four counts, including: 1) Count One, Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1); 2) Count Two, Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2); 3) Count Three, Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); and 4) Count Four, Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G). ECF No. 17.

The government and defense reached an agreement for Zoyganeles to plead guilty to Counts Four of the Information. ECF No. 21. Zoyganeles agreed to the statement of offense laying out the facts supporting the charges. ECF No. 22. As relevant here, Zoyganeles expressly waived under his plea agreement "the right to plead not guilty" and any challenge that his "admitted conduct does not fall within the scope of the statute(s)." ECF No. 21, at 4-5. Additionally, pursuant to the plea agreement, Zoyganeles agreed that "the Government will be free to use against [you] for any purpose at the sentencing in this case or in any related criminal or civil proceedings, any self-incriminating information provided by [you] pursuant to this Agreement or during the course of debriefings conducted in anticipation of this Agreement." *Id.* at 6.

On July 1, 2022, the Court held a plea colloquy, during which this Court followed the Rule 11 procedures and Zoyganeles plead guilty. Docket Text July 1, 2022. The case was referred to Probation for a presentence investigation and adjourned to September 30, 2022 for sentencing. *Id.* On July 21, 2022, pursuant to the terms of the plea agreement, Zoyganeles, along with his attorney, participated in a post-plea interview. On August 3, 2022, Zoyganeles filed the motion to withdraw his guilty plea. ECF No. 23. This Court should deny the motion.

## II. RELEVANT LEGAL STANDARDS

"After the defendant has sworn in open court that he actually committed the crimes, after he has stated that he is pleading guilty because he is guilty, after the court has found a factual basis for the plea, and after the court has explicitly announced that it accepts the plea," he should not be allowed "to withdraw her guilty plea simply on a lark." *United States v. Hyde*, 520 U.S. 670, 676 (1997); *see also United States v. Robinson*, 587 F.3d 1122, 1133 (D.C. Cir. 2009). Thus, a defendant does not have an absolute right to withdraw a guilty plea. See *United States v. Holland*,

117 F.3d 589, 593 (D.C. Cir. 1997). If withdrawal were automatic in every case where the defendant merely wishes "to alter her tactics and present her theory of the case to the jury, the guilty plea would become a mere gesture, a temporary and meaningless formality reversible at the defendant's whim." *United States v. Barker*, 514 F.2d 208, 221 (D.C. Cir. 1975). A guilty plea is no such trifle, however, but "a grave and solemn act" which is "accepted only with care and discernment." *United States v. Basu,* 531 F. Supp. 2d 48, 54 (D.D.C. 2008), quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)); *see also Barker*, 514 F.2d at 221.

Federal Rule of Criminal Procedure 11(d)(2)(B) permits a defendant to withdraw his guilty plea before a sentence is imposed if he shows a "fair and just reason" for requesting the withdrawal. Fed. R. Crim. P. 11(d)(2)(B); *Hyde*, 520 U.S. at 671; *United States v. Jones*, 472 F.3d 905, 907 (D.C. Cir. 2007). "Although presentence withdrawal motions should be 'liberally granted,' they are 'not granted as a matter of right.'" *United States v. Ahn,* 231 F.3d 26, 30 (D.C. Cir. 2000) (quoting *United States v. Ford*, 993 F.2d 249, 251 (D.C. Cir. 1993); *United States v. Loughery*, 908 F.2d 1014, 1017 (D.C. Cir. 1990). The decision to grant a withdrawal is within the court's discretion. *See United States v. Tolson*, 372 F.Supp.2d 1, 8 (D.D.C. 2005), *aff'd*, 264 Fed. App'x 2 (D.C. Cir. 2008).

Typically, courts look at several factors in deciding whether to grant a motion to withdraw a plea, including: (1) whether the guilty plea was somehow tainted, (2) whether the defendant has asserted a viable claim of innocence, and (3) whether the delay between the guilty plea and the motion to withdraw has substantially prejudiced the government's ability to prosecute the case. *See United States v. Robinson*, 587 F.3d 1122, 1127 (D.C. Cir. 2009); *United States v. West*, 392 F.3d 450, 455 (D.C. Cir. 2004). The taint factor is the "most important." *Robinson*, 587 F.3d at

1127 (D.C. Cir. 2009) (citing *United States v. Ford*, 993 F.2d 249, 251 (D.C. Cir. 1993)). The "highly questionable circumstances" that could lead to taint, as outlined in *Barker*, 514 F.2d at 221, include situations where a defendant misunderstood the crimes charged, or did not have effective assistance of counsel at the time of the plea, or evinced strong evidence of mental illness at the time of the plea, or entered a plea hastily at arraignment without the benefit of counsel. *Id.*

Whether the movant has asserted his legal innocence is also an important factor. *Barker*, 514 F.2d at 220. But the defendant "must do more than make a general denial in order to put the Government to its proof; he must affirmatively advance an objectively reasonable argument that he is innocent." *United States v. Cray*, 47 F.3d 1203, 1209 (D.C. Cir. 1995).

## III. ARGUMENT

### A. There Is No Taint, Coercion, or Defect with the Plea.

Zoyganeles does not challenge the Rule 11 inquiry this Court engaged on July 1, 2022. Rather, Zoyganeles claims that his guilty plea to Count Four was tainted because he has newly discovered evidence, which could have impacted a suppression motion. Zoyganeles further alleges that he only pleaded guilty because he did not "fully understand the process by which he was charged in each count… and the propriety" of his case. As a result, according to the defendant, Zoyganeles felt that the only path forward was to plead guilty. Yet, prior to the plea hearing, on June 27, 2022, Zoyganeles signed a plea agreement, which discussed the waiver of his trial rights. ECF No. 21. The written and signed plea agreement explained that pleading guilty would waive his right to plead not guilty and the right to trial, which are the other options going forward. *Id.* at 4. The right to plead not guilty was also reiterated to the defendant during the July 1, 2022 plea hearing. (Tr. 8: 16-19). Additionally, the Court advised the defendant that if

he were to plead not guilty, the government would have to prove his guilt beyond a reasonable doubt and that during the trial, the defendant would have his counsel, who could put on a defense if so desired. (Tr. 8: 25 – Tr. 9:11). The Court also advised that "[i]f there is new and previously unavailable information that became available to you that demonstrated your innocence, then you could arguably seek to withdraw your plea." (Tr. 10: 12-15). The Court also asked if the defendant had "any questions about the rights [he] is giving up or anything else connected with [the] guilty plea" to which the defendant responded, "No, Your Honor." (Tr. 11:3-6).

This plea agreement further advised Zoyganeles of the waiver of his right to "challenge the admissibility of evidence offered against" him. *Id.* During the plea hearing, the defendant answered in the affirmative when this Court also asked if the defendant had enough time to talk with his attorney and satisfied with the services rendered. (Tr. 6: 23-25). He was even given an opportunity to ask the Court questions about the process but stated he had no further questions. (Tr. 11:3-6). There is no defect in the proceeding or taint related to the plea, and the defendant's claim lacks merit.

**B. Zoyganeles Does Not Plausibly Allege Actual Innocence to Rebut the Charge to Which He Plead Guilty.**

In his motion for withdrawal, Zoyganeles stated that "he has newly discovered evidence which will exonerate him from all Four Counts of the Information" without any additional elaboration on this "newly discovered evidence." ECF No. 23 at 3. When a movant asserts innocence as a basis to withdraw their guilty plea, the factual contentions must establish legally cognizable defense to the charges. *Barker,* 514 F.2d at 220. When the contentions establish a legal innocence, then the motion for withdrawal should be granted. *Id.* However, the movant must put forth more than a mere assertion of legal innocence because "[w]ere mere assertion of legal

innocence always a sufficient condition for withdrawal, withdrawal would effectively be an automatic right." *Id.* at 221 (further noting that [t]here are few if any criminal cases where the defendant cannot devise some theory or story which, if believed by a jury, would result in his acquittal.") Accordingly, without any additional information as to this newly discovered evidence, Zoyganeles has failed to establish a new or different defense that would allow him to assert his innocence at trial.

During Zoyganeles's post-plea interview, he claimed to have seen a video that showed a police official telling officers to "stand down" and let the rioters into the Capitol. The government is left to speculate that this alleged video, which has not been provided to the government, is the basis of this "newly discovered evidence." Additionally, it is unclear if this is a video Zoyganeles observed prior to his guilty plea.

Notably, Zoyganeles admitted during the interview that he did not personally witness this prior to *his* entry into the Capitol. Rather, he stated that as he approached the building, he saw officers attempting to keep people back and was exposed to tear gas himself. When he got closer to the building, he saw officers standing in a circle and believed the officers were told to stand down in order to allow people inside. He did not hear any conversation amongst these officers or direction to these officers to let rioters inside of the Capitol.

However, even if this is the basis of his claim, this does not provide a legally cognizable defense to the charge. During the plea colloquy, while under oath, this Court asked the defendant, "But you entered the building for this demonstrating knowing you did not have permission to do so. Is that correct?" (Tr. 8: 9-11). The defendant then responded, "That's correct." (Tr. 8: 12). The defendant, among thousands of rioters, unlawfully entered the restricted Capitol grounds and overwhelmed law enforcement officers attempting to protect and rid the Capitol building and grounds of the rioters. What purportedly occurred at another location and time at the Capitol does not create a legally cognizable defense to Zoyganeles's own unlawful entry into the U.S. Capitol, where he proceeded to parade, demonstrate, or picket. Moreover, Zoyganeles agreed, both by signing the statement of offense and agreeing orally to the proffer at the plea hearing, that he was accountable for parading, demonstrating, or picketing, and the facts as the government alleged them supported that charge. The Court accepted that the facts as laid out in the Statement of Offense met the elements of the charged offenses. Zoyganeles has failed to put forth a legally cognizable defense.

**C. The Length of Time Since the Plea Proves that the Allegations in the Motion to Withdraw Stem from Other Concerns.**

The timing of the motion to withdraw should give this Court pause. The defendant did not raise concerns over the charges and plea during the Rule 11 hearing. Any allegation of exculpatory information should have been raised immediately. Notably, the allegations put forth in his motion to withdraw occurred only after his post-plea interview.

**CONCLUSION**

Accordingly, for the foregoing reasons, the government respectfully requests that the Court deny the defendant's motion to withdraw the guilty plea.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By: /s/ *Maria Y. Fedor*

MARIA Y. FEDOR
Attorney, detailed to the
United States Attorney's Office for the
District of Columbia
D.C. Bar No. 985823
601 D Street, N.W.
Washington, DC 20530
Maria.Fedor@usdoj.gov